IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,236-02






EX PARTE DOMINGO MIRANDA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR97-094 IN THE 22ND DISTRICT COURT


FROM COMAL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to ninety-nine years' imprisonment. The Third Court of Appeals affirmed his
conviction. Miranda v. State, No. 03-97-00830-CR (Tex. App.-Austin April 29, 1999, no pet.). 

 Applicant contends that trial counsel rendered ineffective assistance at the guilt and
punishment stages of trial and that appellate counsel rendered ineffective assistance at the motion
for new trial hearing and on direct appeal. Applicant has alleged facts that, if true, might entitle him
to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96
(Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial and appellate counsel to respond to Applicant's
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of trial and appellate counsel was deficient and, if so, whether this deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 14, 2011

Do not publish